E-FILED
Thursday, 08 June, 2006  01:15:58 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN MENGES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  05-3307 |
| | ) | |
| ROD R. BLAGOJEVICH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motion to Intervene of Walgreen Co. (Walgreens) (d/e 16) (Motion to Intervene).  The Plaintiffs are licensed pharmacists in Illinois.  The Defendants are the Governor of Illinois and other state officials.  The Plaintiffs allege that the Defendants promulgated a rule to force them to dispense drugs known as the "morning after pill," "Plan B," and "emergency contraceptives" (hereinafter collectively referred to as "Emergency Contraceptives"), in violation of the Plaintiffs' constitutional right to exercise freely their religious beliefs and in violation of Title VII of the Civil Rights Act of 1964 (Title VII).  U.S. Const. Amend I; 42 U.S.C. §§ 2000e-2 & 2000e-7.  <u>Amended Complaint</u>

for Declaratory and Injunctive Relief (d/e 11) (Amended Complaint).
Several of the Plaintiffs were formerly employed by Walgreens. They allege
that they have lost their jobs at Walgreens because they would not comply
with Illinois' new Rule. Walgreens now asks to intervene to seek a
declaratory judgment regarding whether Illinois' new Rule violates Title VII.
For the reasons set forth below, the Motion is allowed.

According to the Amended Complaint, Plaintiffs John Menges,
Gaylord Richard Quayle, Carol Muzzarelli, Kelly Hubble, and Melanie
Antuma (Discharged Plaintiffs) are licensed pharmacists in Illinois who
previously worked as pharmacists at Division I pharmacies operated by
Walgreens. Plaintiffs Jim Lynch and Amanda Varner allegedly are licensed
Illinois pharmacists who currently work for other Division I pharmacies.
Division I pharmacies are pharmacies that engage in general community
pharmacy practice and that are open to, or offer pharmacy services to, the
general public. 68 Ill. Admin. Code § 1330.5.

The Defendants are duly-elected or appointed government officials of
the state of Illinois. Defendant Rod Blagojevich is Governor. Defendant
Dean Martinez is Acting Secretary of the Illinois Department of Financial
and Professional Regulation (Department), and Defendant Daniel E.

Bluthardt is Acting Director of the Department's Division of Professional Regulations. The Plaintiffs allege that the Defendants are responsible for the promulgation, interpretation, application, and enforcement of the regulation at issue.

On April 1, 2005, the Defendants promulgated an Emergency Amendment to § 1330.91 of Title 68 of the Illinois Administrative Code. The Emergency Amendment became permanent in the form of a Rule on August 25, 2005 (Rule). The Rule states:

j) Duty of Division I Pharmacy to Dispense Contraceptives

> 1) Upon receipt of a valid, lawful prescription for a contraceptive, a pharmacy must dispense the contraceptive, or a suitable alternative permitted by the prescriber, to the patient or the patient's agent without delay, consistent with the normal timeframe for filing any other prescription. If the contraceptive, or a suitable alternative, is not in stock, the pharmacy must obtain the contraceptive under the pharmacy's standard procedures for ordering contraceptive drugs not in stock, including the procedures of any entity that is affiliated with, owns, or franchises the pharmacy. However, if the patient prefers, the prescription must be transferred to a local pharmacy of the patient's choice under the pharmacy's standard procedures for transferring prescriptions for contraceptive drugs, including the procedures of any entity that is affiliated with, owns, or franchises the pharmacy. Under any circumstances an unfilled prescription for contraceptive drugs must be returned to the patient if the patient so directs.

2) For the purposes of this subsection (j), the term "contraceptive" shall refer to all FDA-approved drugs or devices that prevent pregnancy.

3) Nothing in this subsection (j) shall interfere with a pharmacist's screening for potential drug therapy problems due to therapeutic duplication, drug-disease contraindications, drug-drug interactions (including serious interactions with nonprescription or over-the-counter drugs), drug-food interactions, incorrect drug dosage and duration of drug treatment, drug-allergy interactions, or clinical abuse or misuse, pursuant to 225 ILCS 85/3(q).

68 Ill. Admin. Code § 1330.91(j).   As quoted above, the term "contraceptives" in the Rule includes all FDA-approved contraceptives, which includes Emergency Contraceptives.  Plaintiffs allege that Emergency Contraceptives work with a significant abortifacient mechanism of action. Plaintiffs allege that they hold certain religious beliefs that prohibit them from dispensing Emergency Contraceptives.

The Plaintiffs allege that on the day of the announcement of the promulgation of the Emergency Amendment, Defendant Governor Blagojevich explained that the Emergency Amendment was prompted by actions of individual pharmacists in Chicago and elsewhere who declined to fill prescriptions because of their religious and moral opposition to Emergency Contraceptives.

4

The Plaintiffs allege that in April 2005, shortly after the promulgation of the Emergency Amendment, the Plaintiffs and all other licensed pharmacists received a letter from the Department informing them of the provisions of the Emergency Amendment.  On or about April 26, 2005, Governor Blagojevich sent a letter to every licensed physician in Illinois. According to the Plaintiffs, Governor Blagojevich stated in his letter that the Emergency Amendment was in response to the actions of individual pharmacists opposed to the use of Emergency Contraceptives.  Governor Blagojevich's letter asked physicians to report any pharmacists who refused to fill a prescription for Emergency Contraceptives.

The Plaintiffs also allege that in April 2005, Governor Blagojevich sent a letter to the executive director of an organization called Family-Pac.  In this letter, he stated that the Emergency Amendment was in response to actions by pharmacists who disagree with these methods of birth control. The letter advised that should individual pharmacists refuse to fill birth control prescriptions, their employer would face significant penalties.  The letter further stated that the Defendants intended to enforce the law by any and all steps necessary.

On April 29, 2005, the Joint Committee on Administrative Rules

(Joint Committee) of the Illinois General Assembly published a proposed regulation similar to, and a companion to, the Emergency Amendment, which purported to be a permanent version of the Emergency Amendment. The proposed regulation concludes with a statement that those affected by this rulemaking include pharmacists.  On August 25, 2005, the Joint Committee formally adopted the Rule, making permanent the provisions of the Emergency Amendment.

On March 13, 2006, Governor Blagojevich allegedly reaffirmed publicly and reiterated his position that the Rule is directed at individual pharmacists who object to dispensing certain drugs on moral grounds. According to the Amended Complaint, Governor Blagojevich further stated that pharmacists who hold such moral views should find another profession.

The statement accompanying the Rule states that the Rule addresses a critical public health care issue of access to prescription contraceptives by mandating that a pharmacy has a duty to dispense contraceptives without delay.  29 Ill. Reg. 13639.  The Plaintiffs allege that the Rule does not include all pharmacies and does not require pharmacists always to dispense Emergency Contraceptives without delay.  The Rule only addresses Division I pharmacies and so does not require hospitals or hospital emergency rooms

to dispense Emergency Contraceptives at all.  The Rule permits a pharmacy to delay in filling a prescription if the medication is not in stock.  The pharmacy may follow its routine procedure for filling an out-of-stock prescription.  The Rule further allows pharmacists to refuse to provide contraceptives under certain conditions based on the pharmacist's professional judgment.   In addition, Plaintiffs claim that Defendant Martinez and Governor Blagojevich both stated at a public hearing on February 15, 2006, that the Rule exempts Division I pharmacies that do not dispense contraceptives at all.

Prior to the promulgation of the Emergency Amendment and the Rule, the Plaintiffs allege that Walgreens had a policy called the Referral Pharmacist Policy.  Pursuant to the Referral Pharmacist Policy, Walgreens allowed its pharmacists nationwide to decline to fill a prescription based on moral or religious objections as long as the prescription could be filled by another pharmacist at that store or at a nearby pharmacy.  After the promulgation of the Emergency Amendment, Plaintiffs claim that Walgreens changed the Referral Pharmacist Policy in Illinois to require every pharmacist to fill prescriptions even if it violated his or her moral or religious beliefs.  The Plaintiffs allege that Walgreens still has the prior

Referral Pharmacist Policy in place in every state other than Illinois.

Before the adoption of the Rule, the Discharged Plaintiffs notified their employers of their religious objections to dispensing Emergency Contraceptives and requested an accommodation of their religious beliefs. On or about September 13, 2005, Walgreens allegedly terminated the employment of Plaintiff Antuma for refusing to dispense Emergency Contraceptives.  Beginning in September 2005, the Department filed disciplinary actions against Illinois pharmacies, including Walgreens pharmacies, for violating the Rule because individual pharmacists had refused to dispense Emergency Contraceptives.  These matters appear to be still pending at the administrative level.  <u>See</u> <u>Memorandum of Law in Support of Response to Walgreens' Motion to Intervene (d/e 21)</u> at 4 (discussing ongoing administrative proceedings).

According to the Plaintiffs, in November 2005, Walgreens demanded that each of its pharmacists agree in writing to the new policy that required each of them to dispense Emergency Contraceptives.  The Plaintiffs allege that pharmacists who refused to sign the policy were placed on unpaid indefinite suspension.  This included Plaintiffs Menges, Quayle, and Hubble.  Plaintiff Muzzarelli was on personal leave at the time, but was

denied permission to return to her employment because she would not agree to the new policy.

On December 1, 2005, Governor Blagojevich allegedly stated in a national television broadcast that Walgreens' actions were in compliance with the Rule and that, in terminating the Discharged Plaintiffs for asserting their religious objections to dispensing Emergency Contraceptives, Walgreens was following the law. According to the Plaintiffs, Governor Blagojevich's spokespersons subsequently reiterated the Defendants' interpretation of the Rule that pharmacists in Division I pharmacies have no choice but to dispense Emergency Contraceptives and that Walgreens' alleged firing of the Discharged Plaintiffs was appropriate.

The Plaintiffs allege that the decision by Walgreens to change its policy and practices of accommodating the religious and moral beliefs of its pharmacists in Illinois was motivated by the promulgation and enforcement of the Emergency Amendment and the Rule. The Plaintiffs allege that Walgreens referred its employees to Governor Blagojevich's December 1, 2005, statement to explain its Illinois-specific policy which resulted in the indefinite suspension of the Discharged Plaintiffs.

Plaintiffs Lynch and Varner have not yet been subjected to an adverse

employment action. They allege, however, that they have been substantially burdened in the exercise of their religious beliefs by operation of the Rule. The Plaintiffs allege that this is especially true in light of the Defendants' interpretation of the Rule and the actions of Walgreens in suspending pharmacists who refuse to dispense Emergency Contraceptives due to their religious beliefs.

The Plaintiffs allege that they have been denied their fundamental constitutional and statutory rights and that the deprivation is continuing. The Plaintiffs allege that the Rule requires employers to engage in religious discrimination and so is void under Title VII. The Plaintiffs ask the Court to declare that the Rule violates the right to the free exercise of religion and violates Title VII's prohibition against any state law which purports to require or permit unlawful discrimination. They further ask for preliminary and permanent injunctive relief to bar enforcement of the Rule.

Walgreens claims that, in addition to the Department's enforcement actions, it has been subjected to several civil actions. Several pharmacists who refused to dispense Emergency Contraceptives have filed wrongful discharge actions against Walgreens. These pharmacists have also alleged that Walgreens violated the Illinois Health Right of Conscience Act ("Right

of Conscience Act").  745 ILCS 70/1 et seq.  The Right to Conscience Act prohibits employers from discriminating against health care workers who refuse to provide any type of health care because of conscience.  745 ILCS 70/5.  Pharmacists have also filed charges of discrimination against Walgreens with the Equal Employment Opportunity Commission for violation of Title VII.  Memorandum of Law in Support of Motion to Intervene of Walgreen Co. (d/e 17) at 5-6.

Walgreens now asks to intervene to seek a declaratory judgment that the Rule violates Title VII.  Walgreens claims that it has been forced to amend its Referral Pharmacist Policy to refuse to accommodate the religious beliefs of pharmacists in Illinois.  It asks to intervene to secure a declaration whether the Rule violates Title VII.

## ANALYSIS

An applicant may intervene as of right:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).  In applying Rule 24(a), this Court considers the

11

timeliness of the application, the relation of the interests of the applicant to the subject matter of the main action, the potential impairment of that interest if the action is resolved without the applicant, and the lack of adequate representation by the existing parties. <u>Reid L. v. Illinois State Bd. of Educ.</u>, 289 F.3d 1009, 1017 (7th Cir. 2002). All these factors weigh in favor of allowing Walgreens to intervene. Walgreens' Motion to Intervene is timely; this matter is in the preliminary stages, and the Defendants have not yet answered the Amended Complaint. Walgreens clearly has an interest in the subject matter of the action. Plaintiffs seek injunctive relief that would directly affect Division I pharmacies, such as those operated by Walgreens. Walgreens, thus, has a direct and concrete interest in the outcome of this case.

Walgreens also is not adequately represented by the Plaintiffs. The Plaintiffs are individual pharmacists trying to assert personal constitutional and statutory rights. The Plaintiffs have an interest in taking absolute positions to assert their claims of personal rights. Walgreens is a business that has an interest in maintaining good relations with both customers and its pharmacists, and in complying with state and federal laws and regulations. The more absolute positions of the Plaintiffs may be

inconsistent with Walgreens' goals. Thus, Walgreens is not adequately represented by the Plaintiffs. Walgreens may intervene as of right.

The Defendants argue that this Court should abstain from enjoining an ongoing state administrative proceeding. The Defendants argue that Walgreens is attempting to have this Court interfere with the Department's ongoing administrative enforcement actions. In this case, abstention is not appropriate.

Generally, Congress defines the scope of this Court's jurisdiction, and this Court lacks authority to abstain from exercising the jurisdiction that has been so conferred. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 359 (1989). The Supreme Court, however, has carefully defined certain limited areas in which abstention is permissible as an exception to the obligation to defer to Congress. Id.

One such permissible, limited exception exists when a plaintiff seeks equitable or declaratory relief based on a constitutional challenge that would affect an ongoing state proceeding. Id. at 364; Younger v. Harris, 401 U.S. 37 (1971) (Younger abstention). Younger abstention is permissible if: (1) there is an ongoing state proceeding which is judicial in nature, (2) the proceeding implicates important state interests, (3) the state proceedings

13

offer an adequate opportunity to present constitutional claims, and (4) no extraordinary circumstances exist, such as bias or harassment by the state body hearing the ongoing proceeding.  Majors v. Engelbrecht, 149 F.3d 709, 711 (7th Cir. 1998).  In this case, Walgreens does not assert a constitutional challenge to any state proceeding.  Rather, Walgreens alleges that the Rule violates Title VII.  Thus, it is unclear that the carefully defined Younger exception to the mandatory exercise of this Court's jurisdiction applies in this case.

In addition, Walgreens does not have an adequate opportunity to raise its Title VII claim in the state administrative proceedings.  Walgreens would not have the opportunity to raise these issues until after an administrative enforcement proceeding is completed adversely to it, and it files a separate action in state court to seek judicial review under the Illinois Administrative Review Law.  730 ILCS 5/3-101 et seq.  Usually, the judicial review process presents a sufficient opportunity to raise constitutional issues.  Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 629 (1986). In this case, however, the Plaintiffs have already invoked this Court's jurisdiction and placed the Title VII issue before this Court.  The Plaintiffs further pray for preliminary and permanent injunctive relief for the alleged

Title VII violation.  This Court's grant or denial of preliminary injunctive relief will directly affect Walgreens long before it ever has the opportunity to present its Title VII claim to an Illinois court in a proceeding for judicial review.[1]  Thus, in this context, some possible judicial review proceeding in the future does not give Walgreens an adequate opportunity to present its Title VII claim.  <u>Younger</u> abstention, therefore, is not appropriate.

The Defendants also argue that the Eleventh Amendment bars Walgreens' claim.  The Court disagrees.  Walgreens seeks a declaratory judgment that the Rule violates Title VII.  Walgreens also asks the Court to interpret the Rule to allow its Pharmacist Referral Policy.  The Defendants argue that this Court cannot declare the meaning of Illinois law and enjoin the Defendants to comply with that interpretation.  The Court agrees that this Court cannot enjoin the Defendants to comply with state law.

---

[1]This delay also distinguishes this case from those in which some plaintiffs are involved in state criminal proceedings while others are not.  <u>See</u> <u>Doran v. Salem Inn, Inc.</u>, 422 U.S. 922 (1975).  In <u>Doran</u>, the Supreme Court held that <u>Younger</u> abstention applied to require the district court to abstain from hearing the claim of one plaintiff who was a defendant in an ongoing criminal proceeding, but did not bar the district court from hearing the claims of two other plaintiffs who had not been charged criminally.  In <u>Doran</u>, however, the party charged criminally could raise the constitutional issue immediately in the state criminal proceeding.  Here, Walgreens would be required to wait while the pharmacist Plaintiffs pursued preliminary injunctive relief before this Court.  By the time Walgreens has an opportunity to raise Title VII, this Court would have already ruled.

<u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 104 (1984). This Court, however, has the authority to interpret the Rule to determine whether the Rule violates Title VII.  <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 457 (1976).  This Court therefore has jurisdiction to hear Walgreens' claim and potentially, at least, grant some of the relief sought.

Finally, the Defendants argue that Walgreens lacks standing to bring a declaratory judgment action.  To have standing, the allegations must show: (1) an injury in fact; (2) a causal connection between the injury and the Defendants' actions; and (3) a likelihood that the Court can redress that injury if Walgreens prevails.  <u>Reid L. v. Illinois State Bd. of Educ.</u>, 358 F.3d 511, 515 (7th Cir. 2004).  Those requirements exist here.  The allegations, if true, show that Walgreens has suffered an injury in fact.  Walgreens has been forced to change its policies, suspend employees, and defend numerous administrative and judicial proceedings.  The injury can be traced to the Rule and the Defendants' interpretation and enforcement of the Rule.  This Court can provide declaratory relief if Walgreens establishes that the Rule violates Title VII.  The fact that the Rule is being enforced against Walgreens, and Walgreens is suffering injury as a result, establishes a substantial controversy that entitles Walgreens to seek declaratory relief

16

regarding the validity of the Rule.  <u>Wisconsin's Environmental Decade, Inc.</u> <u>v. State Bar of Wisconsin</u>, 747 F.2d 407, 411 (7th Cir. 1984).  Walgreens has standing.

THEREFORE, the Motion to Intervene of Walgreen Co. (d/e 16) is ALLOWED.  Walgreens is directed to file its proposed <u>Third-Party</u> <u>Plaintiff/Intervenor Walgreen Co.'s Complaint for Declaratory and</u> <u>Injunctive Relief</u>, attached to the Motion by June 14, 2006.  The Defendants are directed to respond to the Third Party Complaint by June 30, 2006.  Walgreens is further directed to file any response it wishes to the pending Motion to Dismiss the Amended Complaint by June 30, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   June 8, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE